UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HENRY RAYFORD                                    CIVIL ACTION

VERSUS                                           NO. 19-12348

JOHNNY CRAIN, JR., ET AL                         SECTION "R" (2)

**ORDER AND REASONS**

Before the Court is defendants' motion to dismiss for failure to state a claim.[1] Because plaintiff does not allege facts sufficient to maintain a claim, and because plaintiff's allegations are contradicted by documents attached to his complaint, the Court grants the motion.

**I. BACKGROUND**

This case arises from plaintiff's interactions with the Washington Parish Clerk's Office. The complaint contains the following factual allegations. Plaintiff was engaged in litigation in Washington Parish.[2] On December 3, 2018, plaintiff went to the Washington Parish Clerk's Office and submitted a witness list.[3] Plaintiff was told a price for filing the witness list

---

[1] R. Doc. 14.
[2] R. Doc. 4-1 at 2 ¶ 3.
[3] *Id.*

by Lisa Crain, an employee of the Clerk's Office, and he alleges that he paid it.[4] But on the date of plaintiff's Court hearing, he found that no witnesses had been subpoenaed.[5] Plaintiff alleges that he again submitted a witness list for another hearing in March, but the Clerk's Office refused to subpoena one of his primary witnesses.[6] Plaintiff further alleges that Denise Robertson, a clerk employee, overcharged him on the price of his appeal cost, and that Washington Parish Clerk's Office employees refused to lodge his appeal.[7]

Plaintiff brings claims under 42 U.S.C. § 1983 for violation of his constitutional rights under the Fourteenth Amendment's Equal Protection Clause and Due Process Clause.[8] He also argues that the Washington Parish Clerk's Office does not publicly post the prices for the filing of court documents, and that this constitutes a violation of the Louisiana Constitution.[9]

---

[4] *Id.*
[5] *Id.* at 2 ¶ 4.
[6] *Id.* at 3 ¶ 11.
[7] *Id.* at 3 ¶¶ 9, 13.
[8] *See generally id.*
[9] *Id.* at 2 ¶¶ 6-7.

## II. LEGAL STANDARD

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The Court must resolve doubts as to the sufficiency of the claim in the plaintiff's favor. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). But to survive a Rule 12(b)(6) motion, a party must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The claim must be dismissed if there are insufficient factual allegations to raise the right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007). The Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 679.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments thereto. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* "In addition to facts alleged in the pleadings, however, the district court 'may also consider matters of which [it] may take judicial notice.'" *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

Finally, courts construe briefs submitted by pro se litigants liberally, and a court will "apply less stringent standards to parties proceeding pro se than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). This does not mean, however, that a court "will invent, out of whole cloth, novel arguments on behalf of a pro se plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 F. App'x 949, 951-52 (5th Cir. 2009).

## III. DISCUSSION

Plaintiff brings three claims: (1) a claim under 42 U.S.C. § 1983 for violation of the federal Constitution's Equal Protection Clause; (2) a claim under 42 U.S.C. § 1983 for violation of the federal Constitution's Due Process

4

Clause; and (3) a claim for violation of Article I, Section 22, of the Louisiana State Constitution. The Court addresses each claim in turn.

A. **Due Process Claims**

Plaintiff alleges that defendants violated the federal Constitution's Due Process Clause by (1) refusing to subpoena witnesses on his behalf in both December and March; (2) increasing the cost of his appeal; and (3) refusing to lodge his civil appeal. "To state a Fourteenth Amendment due process claim under § 1983, 'a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest.'" *Gentiello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citing *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001)).

Although not clear from the complaint, the interests that plaintiff seems to identify that he has purportedly been deprived of are the right to subpoena witnesses and the right to take an appeal. But the documents plaintiff attaches to his complaint contradict the assertions plaintiff makes throughout his complaint, and demonstrate that the Washington Parish Clerk's Office did not deprive him of these rights. And "when conclusions of fact made in the complaint are contradicted by an attached exhibit, the appended document controls and dismissal is appropriate." *Scott v. Performance Contractors, Inc.*, 166 F.R.D. 372, 374 (M.D. La. 1996) (citing

5

*Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974). With respect to his claim involving the witness list, plaintiff asserts that he "submitted a witness list along with paying the cost."[10] But the documents attached to the complaint make clear that he paid only $11.00,[11] which is less than the cost of a single subpoena.[12] Plaintiff also accuses the Clerk's Office of refusing to subpoena Charles Penny in March.[13] But a letter plaintiff attaches to his complaint makes clear that the Clerk's Office *did* issue the subpoena—the Sheriff's department, though, did not serve Penny and provide proof of service to the Washington Parish Clerk's Office.[14] Here, plaintiff does not sue the Sheriff's office, allege any constitutional violation on its part, or in any way address this discrepancy in his complaint.

Plaintiff's assertions regarding his appeal are similarly contradicted by the documents attached to his complaint. Plaintiff first asserts that he was overcharged on his appeal.[15] The documents show that although the Washington Parish Clerk's Office initially overcharged plaintiff for his

---

[10] R. Doc. 4-1 at 2 ¶ 3.
[11] R. Doc. 4-2 at 2.
[12] *See* R. Doc. 4-2 at 15 (Letter from James S. Knight articulating the cost of an in-parish subpoena as $75).
[13] *See* R. Doc. 4-1 at 3 ¶ 11.
[14] *See* R. Doc. 4-2 at 16.
[15] *See* R. Doc. 4-1 at 3 ¶ 9.

appeal,[16] after a clarification from Louisiana's First Circuit Court of Appeals,[17] it charged him a lesser amount.[18] Plaintiff also asserts that the Washington Parish Clerk's Office failed to docket his appeal.[19] But he does not allege that he paid the required cost of the appeal. And a document attached to his complaint indicates that he did not pay the revised, lower cost of the appeal.[20]

Because Rayford's allegations—even when read in the light most favorable to him—are directly contradicted by the documents he attaches to his complaint, his claims under the Due Process Clause must be dismissed.

### B. Equal Protection Claims

Plaintiff alleges that defendants also violated the Constitution's Equal Protection Clause for the same reasons he alleges they violated the Due Process Clause. Plaintiff's claims under the Equal Protection Clause fare no better than his claims under the Due Process Clause, for the same reasons. And plaintiff's Equal Protection Clause claims also fail for an additional reason: he fails to properly allege he is a "class-of-one."

---

[16] *See* R. Doc. 4-2 at 5.
[17] *See id.* at 3.
[18] *See id.* at 6.
[19] *See* R. Doc. 4-1 at 3 ¶ 13.
[20] R. Doc. 4-2 at 16 (Letter from James S. Knight noting that an appeal will be lodged upon timely payment of the costs of the appeal.").

The Fourteenth Amendment states: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. In order to state a claim under the Equal Protection Clause, "a § 1983 plaintiff must either allege that (a) a state actor intentionally discriminated against [him] because of membership in a protected class, or (b) he has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment." *Gibson v. Tex. Dep't. of Ins.*, 700 F.3d 227, 238 (5th Cir. 2012) (internal citations omitted). Plaintiff does not allege that he was intentionally discriminated against because he is a member of a protected class. Rather, plaintiff's claim is only that he was treated differently from others similarly situated, and is therefore considered a "class-of-one" equal protection claim.

In order to establish a class-of-one equal protection claim, plaintiffs "must show an extremely high degree of similarity between themselves and people to whom they compare themselves." *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (citing *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006)). Therefore, "courts have routinely dismissed class-of-one claims that merely allege the existence of other similarly situated individuals or entities and do not state any facts to support this claim." *Md. Manor Assocs. v. City of Houston*, 816 F. Supp. 2d

394, 405 (S.D. Tex. 2011). Here, plaintiff does not allege sufficient facts to demonstrate the requisite degree of similarity. Rather, he only conclusorily alleges that "[a]ll other similar [sic] situated citizens would have had their witnesses subpoena [sic] by the Washington Parish Clerk's Office upon payment of the cost of the subpoenas for any civil court hearing."[21] This is a legal conclusion couched as a factual allegation, and is insufficient to establish a class-of-one claim. And plaintiff does not make any assertion—conclusory or otherwise—that he is a class-of-one for the claims related to his state-court appeal. Plaintiff's claims under the Equal Protection Clause must therefore be dismissed.

C. **Louisiana Constitutional Claim**

Plaintiff alleges that defendants violated Article I, Section 22 of the Louisiana State Constitution by failing to post publicly the prices for the filing of court documents at the clerk's office or on the internet. Section 22 states:

> All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights.

---

[21] R. Doc. 4-1 at 2 ¶ 5. *See also id.* at 3 ¶ 12 ("All other similar [sic] situated citizens would have had their witnesses subpoena [sic].").

La. Const. art. I, § 22.

Defendants contend that the documents plaintiff attaches to his complaint contradict plaintiff's assertion and conclusively establish that the Washington Parish Clerk's Office does publicly post the prices for the filing of court documents. They argue that the "very list that [plaintiff] attaches to his complaint is on the Washington parish Clerk of court website."[22] But there is no such attachment to plaintiff's complaint. That said, a court may take judicial notice of a fact if the fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurately and readily determined by resort to resources whose accuracy cannot be questioned." Fed. R. Evid. 201(b). And "[t]he Fifth Circuit has determined that courts may take judicial notice of governmental websites." *In re Katrina Canal Breaches Consol. Lit.*, 533 F. Supp. 615, 632 (E.D. La. 2008) (citing *Hyder v. Quarterman*, No. 07-291, 2007 WL 4300446, at *3 (S.D. Tex. Oct. 10, 2007)); see also *Hyder*, at *3 (collecting cases). Reliance on such judicially noticed facts does not convert a 12(b)(6) motion to one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See In re Katrina Canal Breaches Consol. Lit.*, 533 F. Supp. at 632.

---

[22] R. Doc. 14-1 at 12.

Here, the Court takes judicial notice of the Washington Parish Clerk of Court website, which clearly lists all civil action fees and is referenced in the complaint.[23] These fees correspond to those Rayford was advised of, and the website unequivocally contradicts plaintiff's assertions that the costs of filing fees are not publicly available.[24] Plaintiff therefore cannot maintain his claim under the Louisiana Constitution.

**D. Leave to Amend**

In his opposition to defendants' motion to dismiss, plaintiff requests leave to amend his complaint with "more detail[ed] facts."[25] Generally, leave to amend should be freely granted when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied on by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). However, "[i]t is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234

---

[23] *See* Washington Parish Clerk of Court: Civil Action Fees, http://www.wpclerk.org/Civil-Action-Fees (last visited Feb. 5, 2020).
[24] *See* R. Doc. 4-2 at 15 (letter from Crain's lawyer advising plaintiff that in-parish subpoenas are $75 each, and out-of-parish subpoenas are $125 each, which matches what is posted on the Clerk's Office website).
[25] R. Doc. 15 at 5.

F.3d 863, 872-73 (5th Cir. 2000). An amendment is futile where an amended complaint would fail to state a claim upon which relief can be granted. *Id.*

Here, because plaintiff's allegations are directly contradicted by the attachments to his complaint and a public governmental website the Court has taken judicial notice of, pleading additional facts would not allow plaintiff to state a claim upon which relief can be granted under the theories he has espoused. Indeed, plaintiff offers no indication of what additional facts he would plead, or how these could resurrect his claims and allow them to survive a motion to dismiss. The Court therefore denies plaintiff's request to amend his complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __6th__ day of February, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE