UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HENRY RAYFORD                                        CIVIL ACTION

VERSUS                                                      NO. 19-12348

JOHNNY CRAIN, JR., ET AL.                    SECTION "R" (2)

## ORDER AND REASONS

Plaintiff moves for reconsideration of this Court's order dismissing his claims.[1]  Because plaintiff does not establish any manifest error of law or fact, the Court denies the motion.

## I.     BACKGROUND

This case arises from plaintiff's interactions with the Washington Parish Clerk's Office.  Plaintiff was engaged in litigation in Washington Parish.[2]  On December 3, 2018, plaintiff allegedly went to the Washington Parish Clerk's Office and submitted a witness list.[3]  Plaintiff was told a price for filing the witness list by Lisa Crain, an employee of the Clerk's Office, and

---

[1]     R. Doc. 24.
[2]     R. Doc. 4-1 at 2 ¶ 3.
[3]     *Id.*

he alleges that he paid it.[4]   But on the date of plaintiff's Court hearing, he found that no witnesses had been subpoenaed.[5]   Plaintiff alleged that he again submitted a witness list for another hearing in March, but the Clerk's Office refused to subpoena one of his primary witnesses.[6]   Plaintiff further alleged that Denise Robertson, a clerk employee, overcharged him on the price of his appeal cost, and that Washington Parish Clerk's Office employees refused to lodge his appeal.[7]

Plaintiff brought claims under 42 U.S.C. § 1983 for violation of his constitutional rights under the Fourteenth Amendment's Equal Protection Clause and Due Process Clause.[8]   He also argued that the Washington Parish Clerk's Office does not publicly post the prices for the filing of court documents, and that this constitutes a violation of the Louisiana Constitution.[9]

Defendants moved to dismiss plaintiff's claims.  The Court found that various documents plaintiff attached to his complaint contradicted his allegations.[10]   The Court also found that plaintiff failed to state a claim as he

---

[4]   *Id.*
[5]   *Id.* at 2 ¶ 4.
[6]   *Id.* at 3 ¶ 11.
[7]   *Id.* at 3 ¶¶ 9, 13.
[8]   *See generally id.*
[9]   *Id.* at 2 ¶¶ 6-7.
[10]   *Id.* at 5.

failed to properly allege a "class-of-one" equal protection claim.[11]   The Court

therefore granted defendants' motion and dismissed plaintiff's claims with

prejudice.[12]   Plaintiff has now moved for reconsideration of the Court's order

dismissing his claim.

## II.   LEGAL STANDARD

Rule 59(e) permits a party to file "[a] motion to alter or amend a

judgment . . . after the entry of the judgment." Fed. R. Civ. P. 59(e). A district

court has "considerable discretion" under Rule 59(e). *See Edward H. Bohlin*

*Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).   That said,

"[r]econsideration of a judgment after its entry is an extraordinary remedy

that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473,

479 (5th Cir. 2004).  "The court must strike the proper balance between two

competing imperatives: (1) finality, and (2) the need to render just decisions

on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355.

"A motion to alter or amend the judgment under Rule 59(e) must

clearly establish either a manifest error of law or fact or must present newly

discovered evidence . . . ." *Matter of Life Partners Holdings, Inc.*, 926 F.3d

---

[11]   *Id.* at 8-9.
[12]   R. Doc. 18.

103, 128 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Courts have held that the moving party must show that the motion is necessary based on at least one of the following criteria: (1) "correct[ing] manifest errors of law or fact upon which the judgment is based"; (2) "present[ing] newly discovered or previously unavailable evidence"; (3) "prevent[ing] manifest injustice"; and (4) accommodating "an intervening change in the controlling law." *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Mar. 19, 1998). But the motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Matter of Life Partners Holdings, Inc.*, 926 F.3d at 128 (quoting *Schiller*, 342 F.3d at 567).

## III.   DISCUSSION

Plaintiff argues that the Court should not have dismissed his Louisiana constitutional claim, his due process claim, or his equal protection claim. The Court addresses each claim in turn.

### A.   Louisiana Constitutional Claim

Plaintiff contends that the Court erred in dismissing his claim under Article I, Section 22 of the Louisiana State Constitution. Plaintiff argues dismissal was in error because "plaintiff described specifically in his

complaint that the clerk's office does not provide a cost list in their office for public view."[13]  But that is not all that plaintiff's complaint said.  Rather, his complaint asserted that the clerk's office did not provide the cost for filings "in their office or on the internet."[14]  And the Court found that, contrary to plaintiff's allegations, the cost of filing fees was publicly available on the Washington Parish Clerk's Office website.[15]  Plaintiff therefore misrepresents the allegations of his complaint in his motion, and fails to address the reason the Court dismissed this claim.  Plaintiff's Rule 59 motion as to this claim must therefore be denied.

**B.    Due Process Claims**

1.    *Subpoenas*

Plaintiff seems to allege a due process violation because the Washington Parish Clerk's Office refused to subpoena his witnesses.  The arguments plaintiff makes in this Rule 59 motion—that he paid the fee for the subpoenas and the Clerk's Office is responsible for failing to subpoena his witnesses—are the same arguments the Court already rejected as

---

[13]    R. Doc. 24-2 at 3 (emphasis removed).
[14]    R. Doc. 4-1 at 2.
[15]    *See* R. Doc. 18 at 10-11; *see also* Washington Parish Clerk of Court: Civil Action Fees, https://washingtonparishclerk.org/fees/ (last visited June 3, 2020).

contradicted by the documents he attached to his complaint.[16] Moreover, the document plaintiff now attaches and represents as the return of service of Charles Penny's subpoena also contradicts plaintiff's argument. The subpoena includes a "notice of unserved papers" from the Washington Parish Sheriff's Office which states that the reason the subpoena was not issued is because there was "no such # on New Orleans Street."[17] This belies plaintiff's reasserted argument that defendants refused to subpoena his primary witness. As such, plaintiff's motion for reconsideration on this due process claim is denied.

2.   *Appeal*

Rayford also makes various assertions regarding his inability to take an appeal. First, plaintiff takes issue with the fact he was initially overcharged for his appeal. But he does not allege that he paid the higher amount. Moreover, the Washington Parish Clerk's Office recognized this error and therefore charged him a lesser amount. Plaintiff also alleges that defendants failed to lodge his appeal. However, as the Court previously

---

[16]   *See* R. Doc. 18 at 6; R. Doc. 4-2 at 16 (Letter stating that the Clerk's Office sent the subpoena to the Sheriff's Department).

[17]   R. Doc. 24-3.

found, plaintiff never alleged he paid the proper amount required to lodge the appeal, as indicated in the documents attached to his complaint.[18]

Defendants note there is a difference between the cost for a notice of appeal—which plaintiff alleges in his Rule 59(e) motion (but not his complaint) that he paid—and the cost of lodging the appeal.  Defendants contend that they have therefore filed the notice of appeal,[19] but that they cannot transmit the record and "lodge" the appeal until the fees for lodging the appeal are paid.[20]   In any event, because plaintiff does not allege that he has paid the amount required to lodge an appeal, the Court need not revisit its ruling that plaintiff cannot state a claim.

## C.    Equal Protection Claims

Finally, plaintiff takes issue with the Court's finding that he did not adequately plead a "class of one" equal protection claim.  Plaintiff also argues that he "can prove through several individuals compare to him who was [sic]

---

[18]    *See* R. Doc. 18 at 7; R. Doc. 4-2 at 16 (letter from Knight stating: "Regarding your appeal, notice was given timely to the First Circuit.  That is all that is done until the costs for the appeal owed to both the Clerk of Court and the First Circuit are paid, at which time the appeal is 'lodged' by submitting the record to the First Circuit").

[19]    *See* R. Doc. 22-1 (Notice of Appeal dated January 22, 2019).

[20]    R. Doc. 22 at 2 n.1; R. Doc. 4-2 at 16.

treated different in a civil case and the clerk office subpoenaed their witnesses and lodged the order of the Notice of Appeal."[21]

As an initial matter, the Court found that plaintiff's equal protection claim suffered from the same fatal flaws as his due process claims—flaws that have not been remedied by plaintiff's Rule 59(e) motion. But even were this not the case, plaintiff's argument still fails. Even assuming plaintiff could have identified others to whom he is similarly situated, plaintiff could have made this argument before this motion, and failed to do so. That is determinative of a Rule 59 motion, as the motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Matter of Life Partners Holdings, Inc.*, 926 F.3d at 128 (quoting *Schiller*, 342 F.3d at 567).

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff' motion for reconsideration. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __4th__ day of June, 2020.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[21]   R. Doc. 24-2.